UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW REGINALD KAERCHER,

Plaintiff,

v.

UNKNOWN ALLEN et al.,

Defendants.

Case No. 1:25-cv-818

Honorable Jane M. Beckering

## OPINION

This is an action brought by a former state prisoner under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). The matter is before the Court on Defendants' motion to dismiss for failure to state a claim on which relief may be granted. (ECF No. 25.) For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

## Discussion

### I. Factual Allegations

Plaintiff was discharged from the custody of the Michigan Department of Corrections (MDOC) on August 24, 2024.[1] During the events at issue in the complaint, however, Plaintiff was incarcerated at the Carson City Correctional Facility (DRF) in Carson City, Michigan. (Compl., ECF No. 1, PageID.2.) Plaintiff sues the following DRF personnel: Resident Unit Manager

[1] *See* https://mdocweb.state.mi.us/otis2/Search (enter Last Name "Kaercher," enter First Name "Matthew," select Offender Status "All," select Search, select Offender Number "478227") (last visited Sept. 1, 2026). This Court takes judicial notice of the information provided by a search of the MDOC's Offender Tracking Information System website with regard to Plaintiff. *See, e.g., United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

Unknown Blair; Prison Counselor Unknown Allen; Sergeants Unknown Shutt and Unknown Leonard; Corrections Officers Unknown White, Unknown Gregory, Unknown Krammer, Unknown Ruthbum, Unknown Lott, Unknown Shrader, Unknown Johnston, Unknown Shutt, Unknown Dill, Unknown Rydahl, and Unknown Kohn.[2]

Over the winter of 2018–2019, Plaintiff sustained a back injury while shoveling snow at DRF. (Compl., ECF No. 1, PageID.4.) On March 14, 2022, Plaintiff underwent major back surgery at Henry Ford Allegiance Hospital. (*Id.*, PageID.5.) On May 4, 2022, Plaintiff was issued special accommodations that included restriction to a bottom bunk, elevator, and "Ground Floor Room-No Stair Steps," and permission to possess a wooden cane and use a wheelchair for movement over a distance. (*Id.*, PageID.7–8; Medical Detail Special Accommodations, ECF No. 1)

Plaintiff alleges that he handed each Defendant a copy of the special accommodations sheet and/or placed it in the control room where all corrections officers spend time. (Compl., ECF No. 1, PageID.8–9.) Additionally, Plaintiff advised each Defendant regarding his required special accommodations and the difficulty he was experiencing with pain and mobility. (*Id.*, PageID.9–10.) Plaintiff states that the DRF medical staff informed Defendants of Plaintiff's special accommodations and that Defendants viewed Plaintiff attempting to move which confirmed his ongoing physical problems. (*Id.*, PageID.10.)

Despite Plaintiff's complaints and requests for relief, Plaintiff was not provided with a ground floor room. (*Id.*) Every day Plaintiff was forced, at least three times a day, to walk

[2] The caption of the complaint includes an additional Defendant identified as "Unknown Shutt." (Compl., ECF No. 1, PageID.1.) That Defendant does not appear in Plaintiff's allegations regarding the parties. (*Id.*, PageID.2–4.) The waivers of service filed by Plaintiff indicate service on a Sergeant Shutt and a Lieutenant Shutt. (ECF Nos. 18, 19.) Defendants report that there were only two individuals named Shutt that worked at DRF during the relevant time period. (Defs.' Br., ECF No. 26, PageID.139.)

approximately 150 feet from his cell to a staircase and then walk down a flight of stairs before he could get into his wheelchair. (*Id*., PageID.11.)

On June 3, 2022, Plaintiff fell down the stairs reinjuring his spine and causing him to be confined to a wheelchair. (*Id*., PageID.12.) Thereafter, Plaintiff was transferred to a handicap unit with an elevator and placed in a cell on the ground floor. (*Id*.)

Plaintiff contends that Defendants knew of his serious medical needs and the risk of harm resulting from the serious medical needs. Nonetheless, Defendants disregarded that risk in violation of Plaintiff's Eighth Amendment rights. Plaintiff contends further that Defendants refused to provide Plaintiff with reasonable accommodations for his disability as required by the ADA. Plaintiff seeks nominal, compensatory, and punitive damages as well as injunctive relief compelling Defendants to (1) ensure that Plaintiff is properly housed, and (2) receive training regarding the appropriate way to treat, protect, and/or handle persons with serious mobility limitations. (Compl., ECF No. 1, PageID.18.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not

equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

**A. Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that each defendant violated Plaintiff's Eighth Amendment rights.

**1. Official Capacity Claims**

In this case caption of the complaint, Plaintiff indicates that he is suing Defendants in their respective individual and official capacities. (Compl., ECF No. 1, PageID.1.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC)

is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks monetary damages and injunctive relief. (Compl., ECF No. 1, PageID.18.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id*.

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief).

In the present action, Plaintiff does not allege that Defendants continue to violate Plaintiff's constitutional rights. Instead, Plaintiff's allegations relate solely to past harm, not future risk of harm. Therefore, Plaintiff has failed to state a claim for damages or injunctive relief against Defendants in their official capacities on which relief can be granted. Accordingly, Plaintiff's official capacity § 1983 claims against Defendants will be dismissed for failure to state a claim.

**2. Individual Capacity Claims**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes, U.S. CONST. amend. VIII, and the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id*. In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can

be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Plaintiff has alleged a sufficiently serious medical need, each Defendant's knowledge of an obvious risk of harm, and each Defendant's disregard of that risk. Accordingly, the Court concludes that Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants on which relief may be granted. But not every type of relief that Plaintiff requests remains available.

The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner-plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *see also City of Los Angeles*, 461 U.S. at 111 (noting that the injunctive "remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again").

Plaintiff is no longer confined at DRF, where he avers that Defendants are employed. Indeed, Plaintiff is no longer housed by the MDOC. Plaintiff does not allege any real or immediate

threat that these Defendants will wrong him again. Accordingly, he cannot maintain his claims against Defendants in their individual capacities for injunctive or declaratory relief.

**B. ADA**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." *Id.* § 12102(2).

Title II of the ADA applies to state prisons and inmates. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210–12 (1998) (noting that the phrase "services, programs, or activities" in § 12132 includes recreational, medical, educational, and vocational prison programs). The proper defendant in a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002). "[N]either the ADA nor the [Rehabilitation Act] impose liability upon individuals." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). Nonetheless, Plaintiff seeks to impose liability on Defendants as individuals. (Compl., ECF No. 1, PageID.18 ("Defendants are therefore liable in their individual capacities to Mr. Kaercher for violating his rights secured under [the ADA]").) For that reason, Plaintiff has failed to state an ADA claim against Defendants on which relief may be granted.

## Conclusion

Defendants' motion to dismiss for failure to state a claim will be granted with regard to the following: Plaintiff's § 1983 claims against Defendants in their respective official capacities; Plaintiff's § 1983 claims for injunctive relief against Defendants in their respective individual capacities; and Plaintiff's ADA claims. Defendants' motion to dismiss will be denied with regard

to Plaintiff's § 1983 claims for damages against Defendants in their respective individual capacities.

An Order consistent with this Opinion will be entered.

Dated: September 8, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge